# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LANCE HARVEY and JODELL M. HARVEY, husband and wife,

Plaintiffs,

v.

QUALITY LOAN SERVICES CORP. OF WASHINGTON, a Washington corporation, et al.,

Defendants.

CASE NO. C09-1615RSM

ORDER OF REMAND

This matter is now before the Court for consideration of plaintiffs' motion for remand, together with a request for an award of attorney fees. Dkt. # 7. Defendants have opposed the motion as to remand only. Dkt. ## 17, 18. After careful consideration of the record, the parties ' memoranda, and relevant case law, the Court finds, for the reasons set forth below, that remand and fees are both appropriate, and shall grant plaintiffs' motion accordingly.

## DISCUSSION

**I. Remand**

Plaintiffs filed this quiet title action on October 27, 2009, in Snohomish County Superior Court, alleging causes of action for wrongful foreclosure, defamation of title, malicious prosecution, violation

ORDER - 1

of the Washington Consumer Protection Act, RCW 19.86, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Defendants Aurora Loan Services and Quality Loan Service Corporation removed the action to this Court on the basis of the federal cause of action. Dkt. # 1, Notice of Removal. The actual date (and time) of the removal will be addressed below. Plaintiffs timely moved for remand, asserting that all defendants who had been served did not join in removal as required. The state court record, filed by the removing defendants with the Notice of Removal, indicates that well prior to the date of removal, additional defendants Deutsche Bank Trust Company, Pacific Northwest Title, and Mortgage Electronic Registrations Systems, Inc., were served with the summons and complaint. Dkt. # 3-2, pp. 12-17. Nowhere in the Notice of Removal was there an indication that these defendants joined in the removal, or any explanation of their absence.

The removal statute describes the process for removing a case from state to federal court: "[a] defendant . . . desiring to remove a case from state to federal court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The precise requirements for removal have been established through decisional law. Courts have recognized the "rule of unanimity,"[1] as requiring that in an action with multiple named defendants, one defendant can remove the case to federal court only if all other named defendants who have been served in the action join in the Notice of Removal. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986).

There is a "strong presumption" against removal jurisdiction, which means that the defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F. 2d 564, 566 (9th Cir. 1992), citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) The party or parties seeking removal also have the burden of showing that they complied with the procedural requirements for removal. *Schwartz v. FHP Int'l Corp*., 947 F.Supp. 1354, 1360 (D.Ariz.1996). As noted above, the courts have interpreted 28 U.S.C. § 1446(a) as requiring that all defendants who have been served in a state action join in the petition for removal, except for nominal, unknown or fraudulently joined parties.

---

[1] The rule of unanimity was announced by the Supreme Court in *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). *See, Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009).

ORDER - 2

*See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762-63 (9th Cir.2002); *Emrich v. Touche Ross & Co.*, 846 F.2d at 1193 n.1. Generally, the failure to join all proper defendants in a removal petition renders a removal notice procedurally defective. *Emrich,* 846 F. 2d at 1193.

Where not all the defendants served in the action join in a removal notice, the removing party has the burden of explaining affirmatively the absence of any co-defendants in the removal notice. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), *superceded in unrelated part by statute as stated in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir.2006). The failure to expressly indicate why one or more of the defendants have not joined in the removal notice renders a removal notice procedurally defective. *Prize Frize*, 167 F.3d at 1266. Here, defendants' removal notice does not explain the absence of the three served defendants Deutsche Bank Trust Company, Pacific Northwest Title, and Mortgage Electronic Registrations Systems, Inc., or anywhere acknowledge their existence. Yet the state court record filed by defendants with the Notice of Removal indicates that these defendants were personally served by a process server on October 29 and October 30, 2009.[2] Dkt. # 3-2, pp. 12-17. Declarations of Service on these defendants were filed in the state court record on November 5, 2009. *Id*. These defendants were required to join in removal, and their absence, along with counsel's failure to account for it, renders the removal defective. As explained below, the consent to removal filed December 28, 2009 was untimely and does not cure this defect. Dkt. # 16.

In opposing the motion to remand, defendants have cited to two cases for the proposition that "[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant **reversal** and remand of the matter to state court." Dkt. # 17, p. 4 (quoting *Parrino v. FHP, Inc.*, 146 F. 3d 699, 703 (9th Cir. 1998)); and *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 970 (9th Cir. 2002) (emphasis added). These cases are inapposite. The *Parrino* court's conclusion that reversal was not warranted was based upon *Caterpillar, Inc., v. Lewis*, 519 U.S. 61 (1996), in which the Supreme Court stated,

---

[2] Defendants' statement in opposing remand that "there is no record" that defendant Mortgage Electronic Registration Systems, Inc., has been served is incorrect. Defendants' Opposition, Dkt. # 17, p. 3-4. The Declaration of Service upon this defendant was filed in the state court on November 5, 2009, and a copy appears in the copies of the state court record filed by defendants in this Court on November 19, 2009. *See*, Dkt. # 3-2, p. 17.

ORDER - 3

> To wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.

*Id.*, at 477. That reasoning does not apply to the district court. Here, the case has not proceeded in this Court beyond entry of a temporary restraining order to preserve the *status quo* until the Court has an opportunity to rule on remand. Dkt. # 15. Most defendants have not yet even filed an answer. The *Parrino* court clearly indicated that its ruling was limited to cases in the Courts of Appeals, and did not authorize district courts "to ignore the procedural requirements for removal. . . ." *Parrino*, 146 F. 3d at 703, n. 1. "The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed." *Id.* This Court will accordingly enforce them as required.

Defendants also contend that the "last served" rule should apply. Defendants refer to a method used by some courts to determine when the time for filing a Notice of Removal under 28 U.S.C. § 1446(b) has run. This section states, in relevant part,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b).

Some courts hold that the thirty-day removal period runs for all defendants from the date the first defendant is served. If that defendant fails to remove within thirty days, later-served defendants cannot remove. *See Brown v. Demco*, Inc. 792 F.2d 478, 482 (5th Cir.1986) (adopting "first-served" rule). More recently, courts have held that later-served defendants have a full thirty days after service to remove despite the fact that an earlier-served defendant failed to remove. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999) (applying "last-served" rule); *see also McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992) (adopting "last-served" rule to allow later-served defendants thirty days to join a valid removal petition).[3] The Ninth Circuit has noted this split of authority, but expressed no opinion on the propriety

---

[3] Even if this approach were to be followed in this Circuit, it does not apply here. The defendants who failed to join in removal were served on October 29 and 30, 2009, before the case was removed.

ORDER - 4

of either approach. *See United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1209 (9th Cir.2008); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002).

The "last-served" rule, even if were used in this circuit, is wholly inapplicable to the situation here. Nowhere has defendant provided any authority applying the rule to joinder in removal by already-served defendants. Indeed, it would frustrate the whole purpose of the rule requiring joinder of all defendants, if a new thirty-day period for joinder of existing defendants were to be triggered each time a new defendant is served.

Defendants here had a thirty-day statutory period to cure their defective notice. That thirty days began to run from the date of filing the Notice of Removal, which was either on November 12 or November 16, 2009.[4] *Prize,* 167 F. 3d at 1266. The three missing defendants filed a consent to removal on December 28, 2009, well beyond the thirty-day deadline. Dkt. # 16. That consent was untimely and does not cure the fatal defect in the Notice of Removal. The case shall accordingly be remanded.

**II. Attorney Fees and Costs**

In moving for remand, plaintiffs requested an award of attorney fees and costs. Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendants have not set forth any argument against an award of fees and costs, apparently assuming that the motion for remand would be denied. Dkt. # 17. That assumption fails to excuse their failure to oppose the motion, which under this Court's rules may be deemed as an admission that the motion for fees has merit. Local Rule CR 7(b)(2).

The standards which guide this Court in determining whether an award of fees and costs is appropriate have been defined by the Supreme Court. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In so holding, the Supreme Court explained that while courts retain discretion to determine whether such unusual

---

[4] See discussion, *infra*, regarding the date of filing the Notice of Removal.

ORDER - 5

circumstances exist as to depart from this rule, "[a court's] reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447." *Id*. (citations and internal quotation marks omitted). The Supreme Court expressed that purpose as follows:

> Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Id*. at 140.

The Court finds that unusual circumstances do exist in this case, in that removal improperly circumvented a state court hearing and deprived plaintiffs of the benefits of the state court TRO, imposed considerable cost on plaintiffs, and wasted judicial resources of both this Court and the state court. It appears that at the time the case was filed in state court, there was a pending foreclosure sale of two of the properties which are the subject of this action, scheduled for Friday, November 13, 2009. On October 27, plaintiffs filed, along with their complaint, a motion for a temporary restraining order ("TRO") to stop the foreclosure sale. The TRO motion was set for hearing on November 12, 2009 at 9:30 a.m. Dkt. # 3-2, pp. 3-10. The removing defendants received copies of the TRO motion when they were served with the summons and complaint on November 4, 2009. Dkt. # 7-2.

On Wednesday, November 11, 2009, a federal holiday and a day that this courthouse was closed, defendants attempted to file their Notice of Removal through the court's electronic filing system ("ECF"), which may be accessed regardless of whether the courthouse is actually open. The case transmittal e-mail, which is part of the record of this case and appears at Dkt. # 1-3, indicates that at 10:10 p.m. on November 11, a paralegal in defense counsel's office sent an e-mail to "newcases.seattle@wawd.uscourts.gov", the Court's electronic filing portal, asking the clerk to "Please process the attached Notice of Removal as soon as possible prior to 11/12/09 scheduled state court hearing at 9:30 a.m." *Id*. Attached to this e-mail were three "PDF" files containing the documents to be filed. *Id.* The following day, November 12, at 9:51 a.m., the clerk e-mailed back to counsel's office, explaining that the filing would have to be re-sent with the documents broken up into separate files. The e-mail states, "You will have to re-send this filing and break each docket (civil cover sheet, complaint,

ORDER - 6

etc.) into separate pdf's. As soon as I receive the filing, I will issue you a case number. If you should have questions, please call . . ." *Id*. The next entry, at 10:12 a.m., is an e-mail back to the Clerk from the paralegal, stating "Per your request, I am attaching the documents broken up." *Id*. There is then a gap in the record until November 16, 2009. The Notice of Electronic Filing indicates that the removal documents were actually entered on the docket, and a receipt and case number issued, at 1:14 p.m. on November 16. *Id*. Although the Notice of Removal is back-dated on the docket to read November 11, 2009 (presumably at defendants' request[5]), plaintiff did not receive notice of the filing until November 16, 2009.

The earliest that the Notice of Removal could be deemed filed would be at 10:12 a.m. on November 12, when the paralegal sent an e-mail to the Clerk, saying that the documents would be attached "broken up" as required. There is no indication on the record as to when the documents were actually sent in proper format for filing, but according to the electronic filing receipt they were not filed on the docket until November 16. Even assuming that they were sent by defendants at 10:12 a.m. on November 12, and deemed filed at that time, this filing was untimely with respect to the state court TRO hearing. The TRO, restraining defendants from proceeding with the foreclosure sale scheduled for the following day, was signed by the court commissioner and filed in state court at 9:39 a.m. on November 12. Dkt. # 7-2. It appears that defendants, having advised plaintiffs by e-mail on November 11 that they would be removing the case, did not attend the TRO hearing. Motion for Remand, Dkt. # 7, Exhibit 2. According to plaintiffs, defendants disregarded the state court TRO and proceeded with the foreclosure sale on November 13. Motion for Remand, ¶ 3.14.

Defendants have attached to their opposition to remand a declaration by the paralegal, stating that she "personally e-filed" the Notice of Removal on November 11, 2009. Declaration of Mary

---

[5] The Electronic Filing Procedures of this Court provide, as to "technical failures", that if a filing is untimely as a result of a technical failure on the Courts CM/ECF website, a party may seek "appropriate relief". Such technical failure on the website is deemed to occur when the site is unable to accept filings for more than one hour after 10:00 a.m. on any given day. Problems on the filer's end, such as hardware or software problems, or difficulties with the user's Internet Service Provider, do not constitute a technical failure, and do not excuse an untimely filing. *See*, U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, amended 6/30.09, available on the Court's website. The failure here appears to be on the part of the filer, and does not constitute an excuse.

ORDER - 7

Stearns, Dkt. # 17, ¶ 4. She further states that at 8:30 a.m. on November 12, 2009, she spoke with "a clerk" in the Clerk's office, who advised her "that the State Court Action had been removed." *Id*., ¶ 5. These statements are difficult to reconcile with the record of filing, set forth above. The record clearly indicates that she **attempted** to file the documents late in the evening on November 11, but that attempt was not successful. As to what she may have been told by the unnamed clerk, a statement that "the state court action had been removed" would be a legal determination that the clerks are not empowered to make. Defendants were not entitled to rely upon this statement in determining when the action had been removed. The subsequent e-mail exchange clearly indicates that the documents had not been transmitted to the Court at that time, and further indicates that as of 9:51 a.m. on November 12, defendants knew that the documents had not been transmitted. It was therefore improper for defense counsel to direct the paralegal to call plaintiffs' counsel at 8:45 a.m. that day and advise them that the case had been removed. *See*, Declaration of Mary Stearns, Dkt. # 17, ¶ 6 and Exhibit 1.

While the Court is troubled by several aspects of this sequence of events, most disturbing of all is that it appears defendants intentionally timed their attempted filing of the Notice of Removal to avoid the state court hearing and to deprive plaintiffs of an opportunity to renew their motion for a TRO in this Court. Defendants clearly intended that the Notice of Removal, filed on the holiday, would take effect early on the following day, November 12, before the state court TRO hearing. Even had that occurred as planned, plaintiffs would have been left with very little time to rush to this Court with a new motion for a TRO, and have it heard before the sale scheduled for the following day. As it turned out, for reasons which are not clear from the record, the Notice of Removal was not actually filed until November 16, and plaintiffs did not receive actual notice until then, three days after the foreclosure sale they sought to stop. Further, as the documents were not entered on the docket until November 16, this Court was unaware of the case, and unable to act, until then. These events described, but particularly defendants' assertion that the case had been removed when in fact it had not, constitute sufficiently unusual circumstances to justify an award of fees.

The Court also finds that the case was improvidently removed, although not for lack of a factual basis. There was a basis for removal in the federal cause of action included in the complaint. Nevertheless, the case was improvidently removed in that defendants acted in such haste to effect the

ORDER - 8

removal before the state court TRO hearing that they neglected an essential procedural requirement. They then failed to timely cure the defect in removal by joining the other defendants. Given the "strong presumption against removal jurisdiction", which assigns the burden of proving the existence of jurisdictional facts to the removing defendant, defendants' failure constitutes an improvident removal. *Gaus v. Miles, Inc*., 980 F.2d at 566.

Plaintiffs' motion for attorneys fees and costs is accordingly GRANTED. However, this Court cannot determine the proper amount of the award, as the December 4, 2009 Declaration of Fees and Costs to which counsel refers in his Supplemental Declaration (Dkt. # 20) does not appear in the record. *See*, Dkt. # 7. As this Court shall upon remand lose jurisdiction to consider the matter further, plaintiffs are directed to present their supporting Declaration for $6,820.00 in attorneys' fees to the State Court for approval.

## CONCLUSION

Plaintiffs' motion for remand is GRANTED, and this case is hereby REMANDED to the Snohomish County Superior Court, Cause No. 09-2-10135-1.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the Snohomish County Superior Court.

Dated this   day of January 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9